IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICKEY MILAM | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. |
| | ) |
| ASCAP d/b/a THE AMERICAN SOCIETY | ) |
| OF COMPOSERS, AUTHORS & PUBLISHERS | ) |
| | ) JURY DEMAND |
| Defendant. | ) |

# COMPLAINT

This lawsuit is about disability discrimination, age discrimination, and retaliation. The suit is moved by the Plaintiff, Mickey Milam ("Plaintiff" or "Mr. Milam"), by and through counsel, and makes the following Complaint against Defendant, The American Society of Composers, Authors & Publishers ("Defendant" or "ASCAP").

## PARTIES, JURISDICTION, AND VENUE

1. Mr. Milam is a male former employee of Defendant. He is a citizen and resident of Davidson County, Tennessee.

2. The American Society of Composers, Authors & Publishers is a non-profit performance rights organization with its principal office located in New York, NY. ASCAP maintains operations and does business at Two Music Sq. West Nashville, TN 37203 in Davidson County, TN. Defendant may be served through its Tennessee registered agent, The Prentice-Hall Corporation System, Inc. at 2908 Poston Ave. Nashville, TN 37203.

3. This Court has jurisdiction under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. §1391. All facts giving rise to this case happened within the jurisdiction of this Court.

4. This is an action for all available economic damages, compensatory damages, declaratory relief, equitable relief, and injunctive relief under the Age Discrimination in Employment Act of 1967 ("ADEA") and Americans with Disabilities Act of 1990 ("ADA"). Plaintiff has received his Notice of Right to Sue from the EEOC and files this lawsuit timely.

## FACTUAL BACKGROUND

5. ASCAP hired Mr. Milam on or about November 23, 2021, as the Senior Manager, Facilities and Security. Prior to becoming an ASCAP employee, Mr. Milam was an independent contractor for ASCAP beginning in 2014.

6. Mr. Milam is a male over the age of 40 at the time he was hired by Defendant.

7. During the height of the COVID-19 pandemic, in approximately March of 2020, ASCAP closed its Nashville offices to limit the spread of the COVID-19 virus. Mr. Milam was one of four employees granted permission to stay in-office during this closing period.

8. Mr. Milam was tasked with supervising necessary repairs and maintenance of the Nashville premises, maintaining receipt of all packages/ shipments, and meeting with any local or state agencies regarding inspections.

9. In or about March 2021, Mr. Milam voluntarily received the first dose of the Johnson & Johnson COVID-19 vaccine.

10. As a result of this vaccine, Mr. Milam experienced permanent hearing loss in his right ear and a flare up of his previously diagnosed Bell's Palsy – causing partial paralysis of the left side of his face. During this period, Mr. Milam was in contact with ASCAP's CFO & COO, Mr. Brian Roberts, and Mr. Milam's direct supervisor, Ms. Gloria Svabenik, regarding his needed medical care and reaction to the first dose of the Johnson & Johnson COVID vaccine. Concerns were raised regarding Mr. Milam's ability to do his job in light

of his actual or perceived impairments that ASCAP regarded as disabilities. At this point, the treatment towards Plaintiff grew dramatically worse within the workplace.

11. On November 24, 2021, ASCAP's CEO, Beth Matthews, sent an email to ASCAP employees stating, "In preparation for our mandatory reopening, all U.S. ASCAP employees must submit proof of full vaccination (COVID – 19) to Human Resources no later than February 1, 2022." Ms. Matthews further stated that, "Any employees whose sincerely held religious beliefs, medical issues, or disability prevents them from receiving a vaccination should contact our Head of Human Resources, Patty Erickson… no later than January 5, 2022 to request an accommodation. All requested supporting information will be due by January 15, 2022, in order to be considered for an accommodation."

12. Mr. Milam reached out to his direct supervisor, Ms. Gloria Svabenik, requesting the necessary exception forms for his medical provider to complete.

13. In response to Mr. Milam's continued requests and expressed concerns, Ms. Svabenik informed Mr. Milam that she had "discussed his concerns" regarding the COVID-19 vaccine with Mr. Roberts. Despite his requests, Ms. Svabenik never provided any exemption request forms or accommodation forms for Mr. Milam to complete during this period. ASCAP was aware of Plaintiff's requests, but refused to provide the requested information.

14. On or about January 28, 2022, Mr. Milam reached out directly to Ms. Patty Erickson with an email titled, "What should I do to be in compliance with ASCAP." In this email, Mr. Milam alerted Ms. Erickson that he would be unable to receive the COVID-19 vaccine due to "pain in the ear and sensitivity to sound." Milam alerted ASCAP of his need for accommodation and/or exemption.

15. On or about January 29, 2022, Ms. Erickson responded to Mr. Milam's "What should I do to be in compliance with ASCAP" with the directive to "submit an accommodation request for the exception."

16. On or about February 4, 2022, Mr. Milam sent an email to Ms. Erickson stating that he had provided the accommodation request forms to his treating healthcare provider but had discovered that she had left the practice and was having difficulties with obtaining her new contact information. Additionally, in this email Mr. Milam alerted that he wasn't sure "which doctor will follow up." Mr. Milam never received any email response to his February 4, 2022 email from any agent within ASCAP

17. Mr. Milam was never contacted by any agent of ASCAP after his February 4, 2022 email regarding any concerns or claims about his medical provider's failure to complete or provide his accommodation request and/ or exception to vaccine mandate forms. Mr. Milam was never made aware by any agent of ASCAP that he did not qualify for the accommodation request or would have to complete the second dose of the COVID-19 vaccine to remain an employee of ASCAP.

18. On or about February 28, 2022, Mr. Roberts and Ms. Erickson called Mr. Milam and alerted him that "because he was in violation of ASCAP's policies by neither being fully vaccinated for COVID-19 or requesting an exemption under ASCAP's policy…they were terminating his employment." Comments were made indicating hostility and or animus concerning Plaintiff's condition and ability to perform his job duties in light of his impairment and age.

19. Mr. Milam attempted to challenge the decision by Mr. Roberts and Ms. Erickson, stating that he had requested an exemption for the COVID-19 vaccine and believed his treating

healthcare providers had completed and returned the forms to ASCAP. Additionally, Mr. Milam stated that since his February 4, 2022 email, no one within ASCAP had alerted him that his accommodation and exemption request forms were not provided to ASCAP. Further, Mr. Milam requested Mr. Roberts and Ms. Erickson additional time to provide all documentation so that he may continue his employment with ASCAP.

20. Mr. Roberts and Ms. Erickson ignored his pleas and stated the termination decision remained.

21. After Mr. Milam's termination call, he was called again – this time only by Mr. Roberts, with requests to walk the premises of ASCAP's Nashville office with him on March 1, 2022 and meet the new security person that would be taking over Mr. Milam's position.

22. During Plaintiff's employment, Defendant treated individuals substantially younger than Plaintiff in a manner more favorable in terms of treatment, workplace treatment and comments, scheduling, accommodations, and other issues impacting the terms of employment.

23. Upon arriving on-site on March 1, 2022, Mr. Milam noted that his replacement was substantially younger male without any known impairments. After completing the walk-through of the Nashville ASCAP building with Mr. Roberts and the replacement for Mr. Milam's position, Mr. Roberts asked Mr. Milam to leave the premises and obtained all passcodes, badges, and equipment belonging to ASCAP.

24. Defendant's asserted reason(s) for Mr. Milam's termination is a pretext for unlawful discrimination and retaliation.

25. Defendant's actions were willful, malicious, and demonstrated reckless indifference to Plaintiff's right to work in an environment free from discrimination and retaliation.

26. Defendant's conduct caused Plaintiff to suffer substantial losses of income and other privileges of employment; caused Plaintiff to suffer inconvenience, embarrassment, humiliation, emotional distress, mental anguish, stress, anxiety, and damage to his reputation, and loss of enjoyment of life. Additionally, Mr. Milam has incurred attorney's fees, costs, and related litigation expenses to his personal detriment.

## CAUSES OF ACTION

*Discrimination in Violation of ADEA*

27. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth in full herein.

28. The Plaintiff was discriminated against and harassed because of his age in violation of the ADEA.

29. The Plaintiff was subjected to discrimination harassment on account of his age and treated less favorably than similarly situated younger individuals by Defendant..

30. Defendant acted with malice and/or reckless indifference toward the Plaintiff.

31. Defendant's conduct harmed and caused damage to Mr. Milam.

32. Based upon the conduct described in this Complaint, Defendant is liable for unlawful age discrimination in violation of the ADEA.

*Discrimination in Violation of ADA*

33. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

34. Based on the conduct described in this Complaint, Defendant is liable for its violations of the Americans with Disabilities Act.

35. Defendant's termination of Plaintiff was on the basis of actual or perceived disabilities and health impairments of Plaintiff.

36. Defendant failed to make reasonable accommodations, engage in the interactive process, or otherwise engage in conduct demanded under the law of a prudent employer under the ADA.

37. Defendant's discriminatory treatment of Plaintiff was intentional and demonstrates reckless indifference to his legally protected rights.

38. Defendant's conduct has harmed and caused damage to Mr. Milam

*Retaliation in Violation of ADA*

39. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

40. Based on the conduct described in this Complaint, Defendant is liable for violations of ADA's anti-retaliation provisions.

41. Defendant's retaliatory conduct described in this Complaint was substantially motivated by Mr. Milam's opposition to disability discrimination and harassment, as well as well as requesting exemptions and accommodations related to his impairments and/or perceived impairments.

42. Defendant's retaliatory treatment of Mr. Milam was intentional and demonstrates reckless indifference to his legally protected rights.

43. Defendant's conduct has harmed and caused damage to Mr. Milam.

## **PRAYER FOR RELIEF**

Mr. Milam respectfully requests:

1. That process issue and be served upon Defendant, and that it be directed to answer this Complaint within the time period prescribed by the law;

2. That this case be set for trial and that a jury be empaneled to hear and decide the merits and damages;

3. Monetary award of damages for back pay, front pay, and all other available economic relief under Title VII, the ADA, and ADEA.

4. That Mr. Milam be awarded judgment and compensatory damages, including but not limited to back pay, front pay, and damages for embarrassment, humiliation, inconvenience, mental anguish and stress, and outrage;

5. That Mr. Milam be awarded punitive damages in an amount to be determined at trial;

6. That Mr. Milam be awarded attorneys' fees and expenses;

7. That Mr. Milam be awarded pre-judgment interest;

8. That all costs be taxed against Defendant; and

9. That Mr. Milam be awarded such other and further legal or equitable relief to which he may be entitled.

Respectfully Submitted,

/s Brian C. Winfrey
Brian Winfrey, TN Bar No. 02576
THE WINFREY FIRM
MORGAN & MORGAN
2021 Richard Jones Rd., Ste. 310A
Nashville, Tennessee 37203
(615) 473-3243
bwinfrey@forthepeople.com